Bernard V. Hall and Ellen G. Hall v. Commissioner.
Hall v. Commissioner
Docket Nos. 441-68, 6040-68.
United States Tax Court
T.C. Memo 1970-294; 1970 Tax Ct. Memo LEXIS 66; 29 T.C.M. (CCH) 1363; T.C.M. (RIA) 70294; October 20, 1970. Filed *66 Bernard V. Hall, pro se, P.O. Box 552, Arlington, Va., Louis F. Nicharot, for the respondent. KERN Memorandum Findings of Fact and Opinion Respondent determined the following deficiencies in the petitioners' income tax for the taxable years 1964 and 1966: Docket Number
Year
Deficiency
441-68
1964
$985.38
6040-68
1966
539.31
On motion of the parties, these eases were consolidated for trial, briefs, and opinion. Due to concessions by both parties as to a number of issues, the only question remaining for our decision is whether respondent erred in disallowing a deduction of $381.25 taken by petitioners in their income tax return for the year 1964 as "Depreciation of $15,000 investment in Education and Bar over 40 years" and a deduction of the same amount taken in their 1966 return as "Amortization of educational expenses." Findings of Fact Most of the facts have been stipulated by the parties. We incorporate herein by this reference the stipulation of facts and the exhibits identified therein. Petitioners Bernard V. and Ellen G. Hall filed joint Federal income tax returns for the years in question with the district director of internal *67 revenue at Richmond, Virginia. At the time of the filing of their petition in Docket No. 441-68, petitioners resided in Philadelphia, Pennsylvania. At the time of the fiiling of their petition in Docket No. 6040-68, they resided in Bronxville, New York. Bernard V. Hall will be referred to hereafter as petitioner. After graduating from high school in 1953, petitioner entered Georgetown University where he studied as an undergraduate during the academic years 1953-1954, 1954-1955, and 1956-1957. During the academic year 1955-1956, he studied at a university in Fribourg, Switzerland. Petitioner graduated from Georgetown University in 1957. While a student there his "curriculum was a major in economics with a minor in philosophy; the usual liberal arts courses in between." In September 1958 petitioner entered the University of Virginia Law School. After his graduation from Georgetown and before his enrollment in law school, petitioner served six months in the Army and "worked a little bit" to earn money from which he "saved up a little bit to go to law school * * *." Petitioner had part-time jobs while he was a student at Georgetown and during the time he studied law at the University *68 of Virginia he worked during the summers. Payments aggregating $980 were made to Georgetown for petitioner's tuition and fees during the three years he was a student there. During the academic year 1955-1956 payments were made to the university in Switzerland in the total amount of $1,200 covering tuition, fees, and "a Room and Board charge." Petitioner paid no tuition to the University of Virginia during his first year there since he held a scholarship. During his second and third years there he "paid tuition in the order of $350 or $400 a year." Payments were made to Georgetown University on account of room and board furnished to petitioner during the three academic years spent there in the aggregate amount of $3,120. Petitioner estimated that during the years of his study at Georgetown his total expenses, including "tuition, room, and board, books, laundry and everything else 1364 that goes with a college education" were "about $2,200 a year" and that his expenses "for the year spent abroad" were $3,200. He estimated "the cost of going to law school at the University of Virginia at an average of around $1,500 to $2,000 a year." In 1961 petitioner took a bar review course *69 in Richmond which "cost a little over $100" and he paid a "fee to take the bar exam, which as [he recalled] was $35." Petitioner's family gave to him the money from which to pay "approximately twothirds of [his] college education expenses" and "approximately one-half of the law school education expenses." In August of 1961, petitioner passed the Virginia State Bar Exam. Petitioner never engaged in any trade or business prior to this time. Since his admission to the bar petitioner has done legal work for the Internal Revenue Service and has been in the private practice of law. In 1964, petitioner's return designated his occupation as "Tax Law Specialist"; his 1966 return designated his occupation as "Tax Attorney." Petitioner testified that he went to school "primarily to improve [his] earning capacity, in order to become a professional man, and to qualify to pass the bar exam." Opinion KERN, Judge: In his opening statement petitioner stated that the issue before us in these cases is "whether or not [he] - * * * an attorney who went through the usual college and law school education - [is] allowed to capitalize [his] cost of education, which was stated to be about *70 $15,000, and depreciate his cost over the useful life of this asset, that is, over approximately forty years, the difference between age 25 and 65." We decide this issue in favor of respondent on the authority of . Because of concessions with regard to other issues, Decisions will be entered under Rule 50.